UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDEE S. KOVACS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-241-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner properly found that the plaintiff, who alleges that she was disabled as of December 31, 1998, by depression, anxiety, and asthma, had no severe impairment as of then. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured only through December 31, 1998, Finding 1, Record at 16; that she currently has medically determinable impairments, including anxiety, depression, irritable bowel syndrome, obesity, and eye problems, but none of those conditions had been shown to have imposed severe functional restrictions that lasted for at least 12 months while she

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 20, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

was insured, Finding 2, *id.*; that her allegations regarding pain and other limitations were not supported by the medical evidence prior to 2004 and were not credible to the extent of establishing any severe impairments while she was insured, Finding 3, *id.*; that she failed to establish that she had any impairments that were "severe" for at least 12 months while she was insured, Finding 5, *id.* at 17; and that, therefore, she was not under a disability at any time through December 31, 1998, her date last insured, Finding 6, *id.*  The Appeals Council declined to review the decision, *id.* at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work

even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

The plaintiff argues that the administrative law judge's Step 2 finding is unsupported by substantial evidence. *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 10) at 1-4. She seeks remand for purposes of determining her date of onset of disability in accordance with Social Security Ruling 83-20 ("SSR 83-20"). *See id.* at 4-5. I discern no reversible error.

## I. Discussion

### A. Step 2 Finding

As a threshold matter, the plaintiff complains that the administrative law judge erred in several respects in concluding that her depression and anxiety were non-severe prior to December 31, 1998. *See id.* at 1-4. Specifically, she argues that he (i) placed improper emphasis on a lack of contemporaneous mental health treating records in view of the explanation of treating psychiatrist Pakkam Rajasekaran, M.D., and counselor Mary Adair, LCSW, that those records were destroyed in a fire, (ii) gave insufficient weight to a 1996 note of another treating source, Stephen T. Rust, M.D., corroborating that the plaintiff was then being seen by Adair and Dr. Rajasekaran and was suffering from occasional panic attacks and depression, (iii) accorded insufficient weight to letters written in 2004, 2005, and 2007 by Dr. Rajasekaran and Adair documenting their long-standing treatment of the plaintiff, and (iv) relied in part on opinions of Disability Determination Services ("DDS") non-examining consultants who either did not have the benefit of Dr. Rajasekaran's letters or placed improper weight on the fact that his contemporaneous treatment records were lost in a fire. *See id.*

The plaintiff cites no authority for the proposition that taking into consideration the absence of contemporaneous treatment records in these circumstances was improper, *see id.* at 2, and my research reveals none.[2]  While the unfortunate loss of Dr. Rajasekaran's and Adair's records rendered it more difficult for the plaintiff to make her case, it did not relieve her of her Step 2 burden.  I see no error in the administrative law judge's observation that the lack of these contemporaneous records demonstrated a failure to sustain the plaintiff's Step 2 burden of proof, particularly in circumstances in which he carefully considered all available evidence shedding light on her mental condition as of her date last insured, including Dr. Rajasekaran's and Adair's letters and DDS non-examining consultants' reports.  *See* Record at 15-16.[3]

Dr. Rust's 1996 progress note does indeed document that the plaintiff was being seen at the time by Dr. Rajasekaran and Adair and suffered from occasional depression and panic attacks.  *See id.* at 226.  However, despite having the benefit of this cursory note, which they erroneously attributed to a different treating physician, Dr. Yntema, both of the DDS non-examining psychologists, Thomas Knox, Ph.D., and Peter G. Allen, Ph.D., concluded that there was insufficient evidence to assess the plaintiff's resulting functional limitation as of December 31, 1998.  *See id.* at 133, 197.

Nor did the administrative law judge err in concluding that the 2004, 2005, and 2007 letters of Dr. Rajasekaran and Adair fell short of establishing that the plaintiff suffered from a

---

[2] At oral argument, the plaintiff's counsel cited SSR 83-20 for the proposition that the administrative law judge erred in relying on an absence of contemporaneous treatment records in making his adverse Step 2 finding. However, as discussed below, SSR 83-20 does not apply in this case.

[3] At oral argument, the plaintiff's counsel contended that the administrative law judge ignored the plaintiff's testimony at hearing concerning the nature of her functional restrictions prior to her date last insured and did not discount it by finding it to conflict with her documented activities during that time frame. While the administrative law judge pointed to no evidence conflicting with the plaintiff's testimony, he discounted it on the basis that it was not supported by the medical evidence prior to 2004. *See* Finding 3, Record at 16.  For reasons discussed below, this was a supportable finding.  His credibility assessment hence is entitled to deference. *See Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings.").

severe mental condition as of December 31, 1998.  He supportably concluded that the letters indicated a worsening of her mental impairments subsequent to her date last insured, with Dr. Rajasekaran and Adair considering her disabled as of approximately 2004, and provided insufficient information to assess the level of functional restriction imposed by those impairments as of December 31, 1998.  *See id*. at 15-16, 170-76, 306-08.  The 2005 and 2007 letters addressed the plaintiff's worsening condition as of the letters' dates, shedding no light on her functioning as of December 31, 1998.  *See id*. at 170-72, 306-07.

The 2004 letter presents a closer question.  In that letter, Dr. Rajasekaran and Adair recounted the plaintiff's psychiatric history, noting, for example, that "[i]n retrospect, it is clear that [the plaintiff] left school due to her phobias as she had a difficult time being with any number of people" and that the stress of her work in the 1980s "caused her to suffer panic attacks and IBS [irritable bowel syndrome] and she quit her jobs in the early 1990's[,]" *id*. at 173-74.  Nonetheless, the notes of Drs. Knox and Allen indicate that they took into account the 2004 letter in concluding that they possessed insufficient information to evaluate the plaintiff's functional limitations as of her date last insured.  *See id*. at 133, 197.  The administrative law judge supportably relied on their expert opinions that there was insufficient information, even taking into account the 2004 letter, to divine the nature of limitations caused by the plaintiff's mental impairments prior to her date last insured.[4]

---

[4] While Drs. Knox and Allen did not see the 2005 and 2007 letters, *see* Record at 133, 197, there is no reason to believe that their review of them would have altered their assessment.  As noted above, those letters shed no light on the plaintiff's condition as of December 31, 1998.  *See id*. at 170-72, 306-07.  In circumstances such as this, in which DDS non-examining consultants have reviewed all material evidence of record, their opinions can serve as substantial evidence in support of an administrative law judge's finding.  *See, e.g., Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert.  In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).

The plaintiff's further assertion that Drs. Allen and Knox "placed improper significance on the fact that the actual treatment records were not available[,] having been lost in a fire[,]" Statement of Errors at 4, is not well taken.  Drs. Allen and Knox simply noted that Dr. Rajasekaran's office had been "contacted by phone on 2/1/05[,]" that "treatment records and evaluation reports from 6/1/90 to 12/1/98 were requested[,]" and that office personnel "said that they no longer had those records because they were all lost in a fire."  *Id*. at 133, 197.  They properly noted that efforts had been made to obtain the plaintiff's contemporaneous treatment records, and that those documents were unavailable.  The records' absence necessarily contributed to the DDS consultants' overall conclusion that they lacked evidence to evaluate the claim.

### B.  SSR 83-20

The plaintiff seeks remand "to explore the issues associated with Social Security Ruling 83-20."  Statement of Errors at 4.  She observes: "Social Security Ruling 83-20 suggests that in difficult cases where inference is required, the testimony of a medical advisor and perhaps a vocational expert [should] be taken."  *Id*. at 5.  To the extent that she means to suggest that the administrative law judge erred in failing to apply SSR 83-20, her argument is without merit.

SSR 83-20 applies only when a claimant has been determined to be disabled.  *See, e.g., Beasich v. Commissioner of Soc. Sec.*, 66 Fed. Appx. 419, 432 (3d Cir. 2003) ("Here there was no dispute that, in the context of a separate application for SSI [Supplemental Security Income] benefits, Beasich was determined to have been 'disabled' as of August 1, 1996, by his psychiatric condition that was the result of his head injury in 1981.  In view of that earlier SSI disability finding, the task of the ALJ in the context here was to determine onset – *i.e.,* when Beasich's impairments first became disabling.  An earlier onset date assessment is mandated

when a claimant already has been found disabled and alleges an earlier disability onset date.") (footnote omitted); *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir.1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required.").

The plaintiff presents no evidence that she has been formally found disabled, for example by way of an SSI finding of disability. At oral argument, her counsel contended that there was a "suggestion" in the administrative law judge's decision that she became disabled subsequent to her date last insured. As her counsel noted, the administrative law judge observed that her "anxiety/depression is established as being quite severe now and is well-documented since 2004-2005[.]" Record at 15. However, a "suggestion" of this kind does not suffice to trigger application of SSR 83-20. *See, e.g., Garland v. Barnhart,* No. 03-132-P-S, 2004 WL 413302, at *3-*4 (D. Me. Mar. 3, 2004) (rec. dec., *aff'd* Mar. 25, 2004) (remarks in body of administrative law judge's decision did not trigger obligation to apply SSR 83-20 when administrative law judge commented that, although the treating source's "opinion may be supported with respect to the claimant's current condition," and "current evidence supports marked functional limitations in activities of daily living," there was no indication that the claimant was restricted in that manner prior to his date last insured).

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

*within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 23rd day of March, 2009.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge